# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEW JERSEY; STATE OF COLORADO; STATE OF ILLINOIS; STATE OF MARYLAND; STATE OF NEW YORK; and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION; DENISE CARTER, in her official capacity as former Acting Secretary of Education and current acting Chief Operating Officer, Federal Student Aid; LINDA MCMAHON, in her official capacity as Secretary of Education, <br><br> Defendants. | Case No. 1:25-cv-10548 |

**PLAINTIFF STATES' MOTION FOR
TEMPORARY RESTRAINING ORDER**

Plaintiffs Massachusetts, California, New Jersey, Colorado, Illinois, Maryland, New York, and Wisconsin (collectively, "Plaintiff States"), hereby respectfully move, pursuant to Fed. R. Civ. P. 65 and D. Mass. L.R. 7.1, for a temporary restraining order requiring the U.S. Department of Education, Denise Carter, in her official capacity as former Acting Secretary of Education and current acting Chief Operating Officer, Federal Student Aid, and Linda McMahon, in her official capacity as Secretary of Education (collectively, "Defendants") to immediately restore Plaintiffs to the pre-existing status quo prior to the termination under previously awarded TQP or SEED grants for recipients in Plaintiff States, and enjoining Defendants from implementing, giving effect to, maintaining or reinstating under a different name the termination of any previously-awarded

1

TQP and SEED grants. Congress established and funded the TQP and SEED programs to address a critical shortage of highly-qualified and licensed K-12 teachers. The effective elimination of these programs, effectuated through the cancellation of all previously-awarded TQP and SEED grants, occurred beginning on or about February 7, 2025, and is unquestionably in violation of the Administrative Procedure Act ("APA") in multiple respects.

The abrupt and immediate termination of these grant programs now threatens imminent and irreparable harm to Plaintiff States. TQP and SEED grant recipients, including public universities in Plaintiff States, have been forced to stop work related to the grants and are scrambling to try to adjust their plans, budgets, and programs due to these terminations, in the middle of the academic and budget year. Due to these abrupt and unlawful grant terminations, grant recipients in Plaintiff States will have to stop paying critical stipends and salaries for teachers-in-training, cease placement of student teachers in local schools, lay off staff who are shepherding and leading these programs, end stipends for mentor teachers who provide critical support to retain teachers and help ensure high-quality teaching, and dismantle teacher pipeline partnerships. The negative effect on students will reverberate as more individuals abandon a career in teaching or are unable to complete their licensure and certification in high-need urban and rural school districts and hard-to-fill subject areas, including math, science, and bilingual education.

Plaintiff States hereby incorporate by reference the Complaint, the Memorandum of Law in Support of Plaintiff States' Motion, and the declarations and evidence filed herewith. As detailed in the accompanying Memorandum of Law, Plaintiffs are likely to succeed in showing that: (i) Defendants' termination of previously-awarded TQP and SEED grants violates the APA in multiple respects, including that it is arbitrary and capricious and contrary to law; (ii) without a temporary restraining order, Plaintiff States will suffer irreparable harm; (iii) the balance of harms

weighs strongly in Plaintiff States' favor; and (iv) the requested temporary restraining order will serve the public interest by maintaining the status quo.

Plaintiff States also request that the Court exercise its discretion to waive the requirement to post a bond under Fed. R. Civ. P. 65(c). *See, e.g., Int'l Assoc. of Machinists and Aerospace Workers v. E. Airlines*, 925 F.2d 6, 9 (1st Cir. 1991) (finding "ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond."); *see also da Silva Medeiros v. Martin*, 458 F.Supp.3d 122, 130 (D.R.I. 2020) (district court waived the bond requirement where it would pose a hardship on petitioners, and unduly restrict the federal rights at issue); *Pineda v. Skinner Services, Inc.*, 22 F.4th 47, 57 (1st Cir. 2021) (district court did not abuse its discretion when it did not require low-wage laborers to post a bond).

WHEREFORE, Plaintiff States respectfully requests that the Court: (i) immediately enter a temporary restraining order directing Defendants to immediately restore Plaintiffs to the pre-existing status quo prior to the termination under previously awarded TQP or SEED grants for recipients in Plaintiff States, and enjoining Defendants from implementing, giving effect to, maintaining or reinstating under a different name the termination of any previously-awarded TQP and SEED grants; (ii) order Defendants to file a status report with the Court within 24 hours of entry of a temporary restraining order confirming their compliance with the Court's temporary restraining order; and (iii) direct Defendants to provide notice of the Court's temporary restraining order within 24 hours of entry to all defendants, their employees and anyone acting in concert with them, and to all TQP and SEED grantees in Plaintiff States.

Dated: March 6, 2025                              Respectfully submitted,

| | |
|---|---|
| **ROB BONTA** <br> Attorney General <br> State of California <br><br> By: /s/ *Alexis Piazza* <br> Laura L. Faer* <br> *Supervising Deputy Attorney General* <br> Alexis Piazza* <br> Heidi Joya* <br> Garrett Lindsey* <br> *Deputy Attorneys General* <br> Maureen Onyeagbako* <br> *Supervising Deputy Attorney General* <br> 1515 Clay St. <br> Oakland, CA 94612 <br> (510) 879-3304 <br> Laura.Faer@doj.ca.gov <br> Alexis.Piazza@doj.ca.gov <br> Heidi.Joya@doj.ca.gov <br> Garrett.Lindsey@doj.ca.gov <br> Maureen.Onyeagbako@doj.ca.gov | **ANDREA JOY CAMPBELL** <br> Attorney General <br> Commonwealth of Massachusetts <br><br> By: /s/ *Adelaide Pagano* <br> Megan Barriger (BBO #687707) <br> *Senior Trial Counsel* <br> Adelaide Pagano (BBO #690518) <br> *Assistant Attorney General* <br> Yael Shavit (BBO #695333) <br> *Chief, Consumer Protection Division* <br> Chris Pappavaselio (BBO #713519) <br> Matthew Lindberg (BBO #633630) <br> *Assistant Attorneys General* <br> 1 Ashburton Pl. <br> Boston, MA 02108 <br> (617) 963-2038 <br> megan.barriger@mass.gov <br> adelaide.pagano@mass.gov <br> yael.shavit@mass.gov <br> chris.pappavaselio2@mass.gov <br> matthew.lindberg@mass.gov |

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: */s/ Amanda I. Morejón*
Amanda I. Morejón (BBO #696737)
Jessica L. Palmer*
Lauren E. Van Driesen*
Elizabeth R. Walsh*
*Deputy Attorneys General*
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5279
Amanda.Morejon@law.njoag.gov
Jessica.Palmer@law.njoag.gov
Lauren.VanDriesen@law.njoag.gov
Elizabeth.Walsh@law.njoag.gov

**PHILIP J. WEISER**
Attorney General
State of Colorado

By: */s/ David Moskowitz*
David Moskowitz*
*Deputy Solicitor General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

**KWAME RAOUL**
Attorney General
State of Illinois

By: */s/ Darren Kinkead*
Darren Kinkead*
*Public Interest Counsel*
115 South LaSalle Street
Chicago, IL 60603
(773) 590-6967
Darren.Kinkead@ilag.gov

**ANTHONY G. BROWN**
Attorney General
State of Maryland

By: */s/ Virginia A. Williamson*
Virginia A. Williamson*
*Assistant Attorney General*
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6584
VWilliamson@oag.state.md.us

**LETITIA JAMES**
Attorney General
State of New York

By: */s/ Sandra Park*
Sandra Park*
*Civil Rights Bureau Chief*
Monica Hanna*
Rabia Muqaddam*
*Special Counsels*
Alex Finkelstein*
Wil Handley*
Kathryn Meyer*
*Assistant Attorneys General*
28 Liberty Street
New York, New York 10005
(212) 416-8250
sandra.park@ag.ny.gov

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

By: */s/ Aaron J. Bibb*
Aaron J. Bibb*
*Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0810
bibbaj@doj.state.wi.us

*\*Pending pro hac vice applications to be filed.*

# **LOCAL RULE 7.1 CERTIFICATE**

       I, Adelaide Pagano, certify that on March 5, 2025, at 1:45 pm, my colleague Megan Barriger, and I contacted the following individuals at the U.S. Department of Justice by electronic mail to provide notice of this motion:

    Alex Haas
    Co-Director, Federal Programs Branch
    alex.haas@usdoj.gov

    Diane Kelleher
    Co-Director, Federal Programs Branch
    diane.kelleher@usdoj.gov

    Rayford Farquhar
    Chief, Defensive Litigation, Civil Division
    U.S. Attorney's Office for the District of Massachusetts
    Rayford.Farquhar@usdoj.gov

Plaintiffs have not yet had an opportunity to meet and confer with Defendants' counsel, but are proceeding with this filing given the need for prompt relief, as set forth in the accompanying memorandum of law.

                              /s/ Adelaide Pagano
                              Adelaide Pagano (BBO # 690518)
                                *Assistant Attorney General*
                              One Ashburton Pl.
                              Boston, MA 02108
                              617-963-2122
                              adelaide.pagano@mass.gov
                              *Counsel for the Commonwealth of Massachusetts*

**CERTIFICATE OF SERVICE**

   I, Adelaide Pagano, certify that on March 6, 2025, I provided a copy of the forgoing document to individuals at the U.S. Department of Justice by electronic mail:

Alex Haas
Co-Director, Federal Programs Branch
alex.haas@usdoj.gov

Diane Kelleher
Co-Director, Federal Programs Branch
diane.kelleher@usdoj.gov

Rayford Farquhar
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
rayford.farquhar@usdoj.gov

             /s/ Adelaide Pagano
             Adelaide Pagano (BBO #690518)
             *Assistant Attorney General*