UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEW JERSEY; STATE OF COLORADO; STATE OF ILLINOIS; STATE OF MARYLAND; STATE OF NEW YORK; and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF EDUCATION; DENISE CARTER, in her official capacity as former Acting Secretary of Education and current acting Chief Operating Officer, Federal Student Aid; LINDA MCMAHON, in her official capacity as Secretary of Education,<br><br>    Defendants. | Civil Action No. 25-10548-MJJ |

### DECISION ON DEFENDANTS' EMERGENCY MOTION TO STAY

March 13, 2025

JOUN, D.J.

    "[T]he grant of a TRO generally is not appealable." *Almeida-Leon v. WM Cap. Mgmt., Inc.*, No. 20-2089, 2024 WL 2904077, at *4 (1st Cir. June 10, 2024); *see also Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 26-27 (1st Cir. 2020). This is not a case where a TRO is "an injunction masquerading as a TRO." *Almeida-Leon*, 2024 WL 2904077, at *4. The TRO was issued three days ago, an expedited briefing schedule on Plaintiff States' motion for preliminary injunction has been set, and the motion will be heard on March 28, 2025. This TRO is a "temporary and short" order, *id.* at *4—imposed to preserve the status quo and prevent

irreparable harm to Plaintiff States—while a request for preliminary relief is briefed, argued, and decided. There is no basis to grant a stay here. Accordingly, I decline to address Defendants' arguments on the merits at this time. The parties will have the opportunity to fully brief these issues, and I will address them in due course.

Turning to the bond issue, I decline to impose one. Pursuant to Federal Rules of Civil Procedure 65(c), a "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, "[t]he First Circuit has recognized an exception to the bond requirement in suits to enforce important federal rights or public interests." *Westfield High Sch. L.I.F.E. Club v. City of Westfield*, 249 F. Supp. 2d 98, 129 (D. Mass. 2003) (cleaned up). This is such a case. Additionally, Defendants are not at risk of financial loss given that there is a mechanism for recouping allocated funds. *See* 2 C.F.R. § 200.346 ("Any Federal funds paid to the recipient or subrecipient in excess of the amount that the recipient or subrecipient is determined to be entitled to under the Federal award constitute a debt to the Federal Government."). Accordingly, no security is necessary under Rule 65(c). *See Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, No. 25-cv-00333, 2025 WL 573764, at *30 (D. Md. Feb. 21, 2025) (cleaned up) (imposing nominal bond of zero dollars where bond would "essentially forestall Plaintiffs' access to judicial review").

For the reasons stated above, Defendants' Motion for Stay Pending Appeal, [Doc. No. 54], is <u>DENIED</u>.

/s/ Myong J. Joun  
United States District Judge
