UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEW JERSEY; STATE OF COLORADO; STATE OF ILLINOIS; STATE OF MARYLAND; STATE OF NEW YORK; and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION; DENISE CARTER, in her official capacity as former Acting Secretary of Education and current acting Chief Operating Officer, Federal Student Aid; LINDA MCMAHON, in her official capacity as Secretary of Education,<br><br>Defendants. | Case No. 1:25-cv-10548 |

**JOINT SUBMISSION REGARDING PRODUCTION OF EXPEDITED ADMINISTRATIVE RECORD AND SCHEDULE**

Consistent with the discussion at the April 9, 2025 Status Conference (Doc. No. 91), Plaintiff States of California, Massachusetts, New Jersey, Colorado, Illinois, Maryland, New York, and Wisconsin ("Plaintiff States") and Defendants U.S. Department of Education, Denise Carter, and Linda McMahon ("Defendants") (collectively, "the Parties") conferred regarding a schedule, including expedited production of the administrative record and Defendants' anticipated motion to dismiss on jurisdictional grounds. By and through their counsel, the Parties hereby set forth their respective positions regarding the expedited production of the administrative record:

1

**Plaintiffs' Position:**

Plaintiff States seek expedited production of the administrative record to assist the Court in resolving the jurisdictional arguments that Defendants are expected to make in their motion to dismiss.[1]  Plaintiffs seek production of the administrative record simultaneous with the filing of the motion to dismiss[2] and seek confirmation that the administrative record will include any and all documents precipitating, leading up, and related to the February 5, 2025 Directive on Department Grant Priorities referenced in the Oglesby Declaration.  Doc. No. 55-1 ¶ 5.

As an initial matter, Plaintiffs note that they strongly believe Defendants' jurisdictional arguments lack merit and that this conclusion is clear on the face of the Complaint.  However, the administrative record may bear on the jurisdictional arguments Defendants are expected to make, including based on the Tucker Act, and, in cases involving production of an administrative record, Plaintiffs are generally entitled to review the record simultaneously with when the motion to dismiss is filed.[3]  The administrative record may, for example, contain documents that shed further light on the nature of the agency action and whether this was in fact an elimination of the TQP and

---

[1] This Court has broad discretion to expedite production of the administrative record based on a showing of good cause. *See, e.g.*, *Roe v. Mayorkas*, 2023 WL 3466327, at *18 (D. Mass. May 12, 2023); *Saleh v. Pompeo*, 393 F. Supp. 3d 172, 181 (E.D.N.Y. 2019) (affirming report and recommendation ordering expedited production of administrative record).

[2] While this District does not have a Local Rule governing production of the administrative record, the District Court for the District of Columbia's Local Rules contemplate production of the administrative record simultaneous with the filing of a dispositive motion. *See* D.D.C. L. Civ. R. 7(n) (requiring an agency to "file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first").  Defendants note that the District Court for the District of Columbia waives this requirement "when the administrative record is not necessary for the court's decision regarding a motion to dismiss", *infra* p. 6, but here, Plaintiffs believe the administrative record will shed further light on the agency action at the heart of this case, which may be helpful to the Court in assessing the jurisdictional issues.

[3] *See supra* at n.2.

2

SEED programs as part of a broad policy or directive, or, as Defendants have argued, a series of individual grant terminations. Through the Oglesby Declaration, Defendants have made representations about the way the grant termination decision was made and assert that some of the grants were not cancelled. Doc. No. 55-1 ¶¶ 6-7, 27. Getting the administrative record swiftly will allow Plaintiffs to assess those representations. And understanding the nature of agency action here may bear on how one views whether this case is fundamentally about unlawful agency action regarding multi-year teacher preparation grant programs as opposed to contractual claims,[4] as Defendants have argued.

Given the Supreme Court's preliminary assessment in its per curiam order and Defendants' statements about the need for the administrative record to fully assess the claims in prior filings, it may also be helpful for the Court to have a more complete record as it addresses the jurisdictional questions raised by this case at the motion to dismiss stage. *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 288-89 (D.D.C. 2011) (granting expedited discovery of administrative record "to develop the factual record for consideration"); *D.S. Brown Co. v. White-Schiavone, JV*, 537 F. Supp. 3d 36, 44 (D. Mass. 2021) (citing *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625-27 (1st Cir. 2001) ("In its broad discretion, the

---

[4] In this vein, the case law is clear that vacatur of an unlawful agency action, which may result in the payment of money by the federal government, does not constitute money damages and does not fall within the scope of the Tucker Act. *Tootle v. Sec'y of the Navy*, 446 F.3d 167, 284 (D.C. Cir. 2006) ("A plaintiff does not 'in essence' seek monetary relief ... because success on the merits may obligate the United States to pay the complainant."); *Katz v. Cisneros*, 16 F.3d 1204, 1208 (Fed. Cir. 1994) ("That a payment of money may flow from a decision that HUD has erroneously interpreted or applied its regulation does not change the nature of the case."). Whether the teacher grant programs were terminated as part of a broader, unlawful agency policy—for which vacatur would be one appropriate type of relief—is relevant because vacatur of an unlawful agency policy is *not* a claim for money damages, even if payment of grant funds will ultimately flow as a result of said vacatur. The type of relief being sought or that would be appropriate is one of the factors the Court will need to assess the Tucker Act issues. *See, e.g.*, *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982).

Court is permitted to allow jurisdictional discovery where a plaintiff has made a "colorable claim" of jurisdiction and has been "diligent in preserving [its] rights to be entitled to jurisdictional discovery."); *Bowen v. Massachusetts*, 487 U.S. 879, 905-908 (1988) (undertaking fact-intensive analysis of the nature of the disallowance decisions and functioning of the Medicaid programs at issue as part of its jurisdictional analysis). As such, it is Plaintiffs' position that the administrative record should be produced simultaneously with or before the filing of any motion to dismiss.

**Defendants' Position:**

Defendants maintain that the proper and most efficient approach would be for Defendants to file the administrative record in conjunction with filing their answer to the complaint, should the Court deny Defendants' forthcoming motion to dismiss. Plaintiffs served the United States Attorney's Office for the District of Massachusetts with the complaint on March 11, 2025, making Defendants' response to the complaint due on May 12, 2025. *See* Fed. R. Civ. P. 12(a)(2). Defendants intend on filing a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, based on the Tucker-Act arguments that the Supreme Court recently found likely to succeed. *See Dep't of Educ. v. California*, No. 24A910, 2025 WL 1008354, at *1 (U.S. Apr. 4, 2025).

Resolving Defendants' 12(b)(1) motion to dismiss will not—and should not—involve reference to an administrative record. "The focal point of *APA review* is the existing administrative record." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) (emphasis added). Defendants' motion to dismiss, by contrast, will argue that the Court lacks jurisdiction to conduct APA review at all. Put another way, the administrative record enables a court to assess the merits of a plaintiff's claim that an agency's action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973). And a court "must resolve

4

questions pertaining to its subject-matter jurisdiction *before* it may address the merits of a case." *Donahue v. City of Boston*, 304 F.3d 110, 117 (1st Cir. 2002) (emphasis added). If Defendants are correct that this Court lacks jurisdiction, which the Supreme Court found likely, then this Court would lack jurisdiction to take action beyond dismissing the complaint—including ordering the expedited production of an administrative record. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *cf. In re Musk*, No. 25-5072, 2025 WL 926608, at *1 (D.C. Cir. Mar. 26, 2025) ("petitioners have shown a likelihood of success on their argument that the district court was required to decide their motion to dismiss before allowing discovery").[5]

Moreover, to the extent that resolution of a 12(b)(1) motion to dismiss depends on factual issues, the Court accepts the well-pleaded factual allegations as true at the motion-to-dismiss stage—rendering any reliance on an administrative record unnecessary. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). At minimum, it is premature to decide whether an administrative record is needed to resolve Defendants' motion to dismiss before Defendants file the motion to dismiss. It is likewise premature to decide the proper scope of the administrative record, including whether it must contain pre-decisional deliberative materials, as Plaintiffs suggest. Plaintiffs have not made "a strong showing of bad faith or improper behavior" that could justify supplementing an administrative record that has not yet been filed. *Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1458–59 (1st Cir. 1992).

The District Court for the District of Columbia's Local Rule does not counsel in favor of a different approach. As Plaintiffs note, this Local Rule provides that "[i]n cases involving the

---

[5] Indeed, under First Circuit case law, Defendants *cannot* file a Rule 12(b)(6) motion to dismiss based on the administrative record, and must instead wait to file a motion for summary judgment. *See Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013). By contrast, Defendants can file a Rule 12(b)(1) motion to dismiss that does not rely on the administrative record. *See id.* at 76 n.4.

judicial review of administrative agency actions . . . the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7(n), United States District Court for the District of Columbia Local Rules. By its express terms, this rule pertains to "judicial review of administrative agency actions." It therefore does not contemplate the filing of an administrative record simultaneously with the filing of a dispositive motion where, as here, the dispositive motion contends that the court lacks jurisdiction to review the agency action. To that end, the District Court for the District of Columbia waives compliance with this requirement "when 'the administrative record is not necessary for [the court's] decision' regarding a motion to dismiss." *Connecticut v. United States Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (citing *Mdewakanton Sioux Indians of Minnesota v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017)).

Forcing Defendants to file an administrative record contemporaneously with filing their motion to dismiss would needlessly divert time and resources away from the preparation of the motion to dismiss. And if the Court grants the motion to dismiss, there will be no need for an administrative record at all. *Cf. Allina Health Sys. v. Becerra*, No. 23-cv-2144, 2024 WL 4332061, at *5 n.3 (D.D.C. Sept. 27, 2024) ("Because the court will dismiss for lack of subject-matter jurisdiction, it will deny the Hospitals' motion to compel the administrative record . . . as moot."). Therefore, the more efficient path would be for Defendants to file an administrative record in conjunction with filing their answer, if the Court denies Defendants' motion to dismiss. If the Court denies the motion to dismiss, Defendants will need to file, within 14 days, an answer to the complaint. *See* Fed. R. Civ. P. 12(a)(4)(A).

Accordingly, should the Court deny Defendants' motion to dismiss, Defendants propose that they file the administrative record in conjunction with filing their answer to the complaint.

Dated: April 15, 2025

| | |
|---|---|
| **ROB BONTA** <br> Attorney General <br> State of California <br><br> By: /s/ *Heidi Joya* <br> Laura L. Faer* <br> *Supervising Deputy Attorney General* <br> Alexis Piazza* <br> Heidi Joya* <br> Garrett Lindsey* <br> *Deputy Attorneys General* <br> Maureen Onyeagbako* <br> *Supervising Deputy Attorney General* <br> 1515 Clay St. <br> Oakland, CA 94612 <br> (510) 879-3304 <br> Laura.Faer@doj.ca.gov <br> Alexis.Piazza@doj.ca.gov <br> Heidi.Joya@doj.ca.gov <br> Garrett.Lindsey@doj.ca.gov <br> Maureen.Onyeagbako@doj.ca.gov | **ANDREA JOY CAMPBELL** <br> Attorney General <br> Commonwealth of Massachusetts <br><br> By: /s/ *Megan Barriger* <br> Megan Barriger (BBO #687707) <br> *Senior Trial Counsel* <br> Adelaide Pagano (BBO #690518) <br> *Assistant Attorney General* <br> Yael Shavit (BBO #695333) <br> *Chief, Consumer Protection Division* <br> Chris Pappavaselio (BBO #713519) <br> Matthew Lindberg (BBO #633630) <br> *Assistant Attorneys General* <br> 1 Ashburton Pl. <br> Boston, MA 02108 <br> (617) 963-2038 <br> megan.barriger@mass.gov <br> adelaide.pagano@mass.gov <br> yael.shavit@mass.gov <br> chris.pappavaselio2@mass.gov |

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: */s/ Amanda I. Morejón*
Amanda I. Morejón (BBO #696737)
Jessica L. Palmer*
Lauren E. Van Driesen*
Elizabeth R. Walsh*
*Deputy Attorneys General*
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5279
Amanda.Morejon@law.njoag.gov
Jessica.Palmer@law.njoag.gov
Lauren.VanDriesen@law.njoag.gov
Elizabeth.Walsh@law.njoag.gov

**KWAME RAOUL**
Attorney General
State of Illinois

By: */s/ Darren Kinkead*
Darren Kinkead*
*Public Interest Counsel*
115 South LaSalle Street
Chicago, IL 60603
(773) 590-6967
Darren.Kinkead@ilag.gov

**LETITIA JAMES**
Attorney General
State of New York

By: */s/ Sandra Park*
Sandra Park*
*Civil Rights Bureau Chief*
Monica Hanna*
Rabia Muqaddam*
*Special Counsels*
Alex Finkelstein*
Wil Handley*
Kathryn Meyer*
*Assistant Attorneys General*

**PHILIP J. WEISER**
Attorney General
State of Colorado

By: */s/ David Moskowitz*
David Moskowitz*
*Deputy Solicitor General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

**ANTHONY G. BROWN**
Attorney General
State of Maryland

By: */s/ Virginia A. Williamson*
Virginia A. Williamson†
*Assistant Attorney General*
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6584
VWilliamson@oag.state.md.us

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

By: */s/ Aaron J. Bibb*
Aaron J. Bibb*
*Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0810
bibbaj@doj.state.wi.us

28 Liberty Street
New York, New York 10005
(212) 416-8250
sandra.park@ag.ny.gov


*admitted *pro hac vice*


DEFENDANTS
By their counsel,

**LEAH B. FOLEY**
United States Attorney

*/s/ Michael L. Fitzgerald*
Michael L. Fitzgerald
Assistant U.S. Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3266
michael.fitzgerald2@usdoj.gov

## CERTIFICATE OF SERVICE

Counsel for Plaintiff States certify that on April 15, 2025, they provided a copy of the foregoing document to counsel for the Defendants via CM/ECF filing. Counsel for Plaintiff States hereby certify that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

By: /s/ *Megan Barriger*
Megan Barriger (BBO #687707)