UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>        Defendants. | Civil Action No. 25-10548-MJJ |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL FILING
IN SUPPORT OF THEIR REQUEST FOR
<u>EXPEDITED PRODUCTION OF THE ADMINISTRATIVE RECORD</u>**

Plaintiffs filed this morning a "supplement" reiterating their request for expedited production of the administrative record. Doc. No. 104. Less than an hour later, the Court granted this request without hearing further from Defendants—directing them to "produce the administrative record by no later than May 19, 2025." Doc. No. 106. Accordingly, Defendants file this response to provide the Court with their view as to why the expedited production of an administrative record is unnecessary and would complicate and delay resolution of the pending motion to dismiss. Moreover, contrary to Plaintiffs' assertion, producing an administrative record in this case would not simply entail producing the same administrative record to be filed in *American Association of Colleges for Teacher Education et al v. McMahon et al*, No. 25-cv-00702-JRR (D. Md.) (*AACTE*). For the reasons explained below, Defendants respectfully request that the Court vacate or modify its order directing Defendants to produce the administrative record.

There are "two" ways that a defendant may seek to dismiss a complaint for lack of jurisdiction. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). "The first way is

to mount a challenge which accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency, thus requiring the court to assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." *Id.* "In performing this task, the court must credit the plaintiff's well-pleaded factual allegations" as true, and "draw all reasonable inferences from them in [the plaintiff's] favor." *Id.*

"The second way to engage the gears of Rule 12(b)(1) is by controverting the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffering materials of evidentiary quality in support of that position." *Id.* Under this approach, "the plaintiff's jurisdictional averments are entitled to no presumptive weight," and "the court must address the merits of the jurisdictional claim by resolving the factual disputes." *Id.*

Plaintiffs cannot force Defendants to take one approach over the other. Here, Defendants took the first approach and treated the factual allegations in the complaint as true for purposes of their motion to dismiss. Defendants did not cite or rely on materials other than the complaint and its exhibits. After all, the jurisdictional question at issue—whether the Tucker Act or the APA applies—turns on the substance of the complaint's allegations, not the administrative record.

Plaintiffs' supplemental filing argued that "[t]he contents of the [motion to dismiss] only reaffirm Plaintiff States' belief that production of the administrative record on an expedited basis is warranted." Doc. No. 104 at 1. As their sole support, Plaintiffs cited the portion of the motion in which Defendants asserted that the "grants at issue were terminated in furtherance of" the February 5, 2025 directive issued by then-Acting Secretary Carter. *Id.* at 1-2. That assertion, however, was a quotation of an allegation in *Plaintiffs' complaint*, which Defendants treated *as true* for purposes of the motion to dismiss. Doc. No. 102 at 5 (quoting Doc. No. 1 at 33).

2

Thus, the fundamental problem with ordering the production of the administrative record at this stage is that, if Plaintiffs are allowed to rely on materials outside of the complaint—i.e., the administrative record—to establish jurisdiction in this case, then Defendants must be allowed to controvert the accuracy of Plaintiffs' factual allegations. That would require a new round of briefing, and Plaintiffs' factual allegations would no longer be "entitled" to "presumptive weight." *Valentin*, 254 F.3d at 363. In the interests of efficiency and fairness, the Court should first rule on the motion that Defendants have already filed.

At minimum, Defendants request that the Court modify its order to allow Defendants until May 23 to file an administrative record. Contrary to Plaintiffs' assertion, the administrative record in this case will not be "identical" to the one that will be filed in *AACTE*. Doc. No. 104. This case involves nearly twenty additional grantees than those involved in *AACTE*, making the administrative record in this matter more extensive and time-consuming to prepare.

Accordingly, Defendants respectfully request that the Court vacate its order directing Defendants to produce the administrative record by May 19, 2025. Alternatively, Defendants request that the Court modify this order by extending the deadline until May 23, 2025.

                                    Respectfully submitted,

                                    LEAH B. FOLEY
                                  United States Attorney

Dated: May 14, 2025          By:    */s/ Michael L. Fitzgerald*
                                           MICHAEL L. FITZGERALD
                                           Assistant United States Attorney
                                           U.S. Attorney's Office
                                           1 Courthouse Way, Ste. 9200
                                           Boston, MA 02210
                                           (617) 748-3266
                                           michael.fitzgerald2@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Michael L. Fitzgerald*
                                            MICHAEL L. FITZGERALD
                                            Assistant U.S. Attorney

Dated:  May 14, 2025